IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAUL TURNER, individually and on behalf of a class of persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>MORTON'S RESTAURANT GROUP, INC.,<br><br>　　　　Defendant. | FILED: APRIL 4, 2008<br>08CV1948　　TC<br>JUDGE KENNELLY<br>MAGISTRATE JUDGE SCHENKIER<br><br>No.: |

## CLASS ACTION COMPLAINT

Plaintiff Paul Turner, individually and on behalf of a class of persons similarly situated, by his attorneys, Law Office of James X. Bormes, P.C., Converse & Brown, LLC, and Law Office of Carol Coplan Babbitt, complains against Morton's Restaurant Group, Inc. (hereinafter "Morton's" or "Defendant") as follows:

### THE PARTIES and JURISDICTION

1.　　Plaintiff Paul Turner is a restaurant worker and has been an employee of Defendant. Plaintiff, on behalf of himself and all others similarly situated (hereinafter referred to collectively as "Plaintiffs"), brings this action to recover from Defendant unpaid overtime compensation, liquidated damages, attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b), (the "Act" or "the FLSA").

2.　　Jurisdiction over this action is conferred on this Court by Section 16(b) of the Act, 29 U.S.C. §216(b), and by the provisions of 28 U.S.C. §1331 and §1337.

3.　　Venue is proper pursuant to 29 U.S.C. §1391, as Defendant's principal office is located, and this claim arose, within the geographic jurisdiction of this Court.

4.  Plaintiff Turner brings this action as a collective action, pursuant to Section 216(b) of the FLSA, and consents to become a party plaintiff.

5.  Plaintiff Turner is a resident of Chicago, Illinois and is a former employee of Morton's Restaurant Group, Inc.

6.  Defendant is a Delaware corporation which, among other things, owns and/or operates approximately seventy restaurants in the Chicago area and throughout the country, including certain restaurants owned or operated by subsidiaries or affiliates of Defendant controlled by Defendant.

## CLASS ACTION ALLEGATIONS

7.  Plaintiff Turner brings this action as a collective action on behalf of himself and all other current and former "tipped" employees (as that term is defined pursuant to §203(t) of the Act) of Defendant, including, without limitation, bartenders, busboys, and waiters/waitresses, who were not paid the full amount of overtime wages owed them.

8.  Plaintiff seeks certification of the following Class:

> All current and former employees of Morton's Restaurant Group, Inc., or any subsidiary or other entity controlled by Morton's Restaurant Group, Inc., who were employed at any time between April 4, 2005 and the present, and who did not receive the full amount of overtime wages owed to them.

9.  Plaintiff falls within the definition of the Class.

10. There are questions of law or fact common to the class and these questions predominate over any question that may exist with respect to individuals.

11. Plaintiff is informed and so believes that the total number of similarly situated individuals exceeds 1,000. Therefore, the number of persons in the class is so

numerous that joinder of all members is impracticable.

    12.    Plaintiff's claims are typical of the claims of the members of the class and Plaintiff will fairly and adequately protect the interests of the class.

    13.    This not a collusive or friendly action.  Plaintiff has retained counsel experienced in complex employment litigation and in class action litigation.

    14.    Plaintiff and his counsel will fairly and adequately protect the interest of the class.

    15.    A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

    16.    At all times hereinafter mentioned, Morton's has been and is an "enterprise engaged in commerce" as defined by Sections 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and (s).

    17.    At all times relevant hereto, Morton's employed Plaintiff to work.

    18.    Morton's is an "employer" as that term is defined by Section 3(d) of the Act.  29 U.S.C. §203(d).

    19.    Plaintiffs worked for Defendant primarily as bartenders or waiters/waitresses and were paid on an hourly basis at all times relevant hereto. Plaintiffs earned most of their income through tips.

    20.    At all relevant times, Plaintiffs were compensated through hourly wages and tips.

    21.    At all relevant times, Plaintiffs have been "employees" of Defendant as defined by Section 3(e) of the Act, 29 U.S.C. §203(e).

### COUNT I - FLSA
### (Defendant's Improper Payment of Overtime Wages)

22. Plaintiffs reallege Paragraphs 1 through 21 as Paragraph 22 of Count I.

23. Defendant has a policy and practice of not paying the full amount of overtime wages to Plaintiffs.

24. Defendant's policy and practice of not paying the proper amount of overtime wages to Plaintiffs has caused Plaintiffs to be deprived of an amount of wages earned by them presently not ascertainable.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count I: (a) certify this lawsuit as a collective action pursuant to Section 216(b) of the FLSA and grant Plaintiff's counsel leave to send notice of this lawsuit to all similarly situated persons throughout the country and afford them the opportunity to join as party plaintiffs; (b) award Plaintiffs the amount of overtime wages owed them plus liquidated damages; (c) enjoin Defendant from continuing the practice of not paying the proper amount of overtime; (d) award Plaintiffs their attorneys' fees and costs; and (e) grant whatever further relief this Court deems equitable and just.

### COUNT II-FLSA
### (Willful Violation)

25. Plaintiffs reallege Paragraphs 1 through 24 as Paragraph 25 of Count II.

26. Defendant willfully violated the FLSA, 29 U.S.C. 201 *et seq.,* by failing to pay Plaintiffs the full amount of overtime wages earned by them.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count II: (a) certify this lawsuit as a collective action pursuant to Section 216(b) of

the FLSA and grant Plaintiff's counsel leave to send notice of this lawsuit to all similarly situated persons throughout the country and afford them the opportunity to join as party plaintiffs; (b) award Plaintiffs the amount of overtime wages owed them plus liquidated damages; (c) enjoin Defendant from continuing the practice of not paying the proper amount of overtime; (d) award Plaintiffs their attorneys' fees and costs; and (e) grant whatever further relief this Court deems equitable and just.

Respectfully submitted,

PAUL TURNER, individually and on behalf of a class of persons similarly situated,

/s/ Jeffrey Grant Brown
One of Plaintiff's Attorneys

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Chicago, Illinois 60603
(312) 201-0575
#6202568

Carol Coplan Babbitt
Law Office of Carol Coplan Babbitt
35 East Wacker Drive
Chicago, Illinois 60601
(312) 435-9775
#6199651

Jeffrey Grant Brown
Converse & Brown, LLC
105 West Adams Street
Chicago, Illinois 60603
(312) 789-9700
#6194262